McMerty v. Morrison.

————o————

JOHN McMERTY, Defendant in Error, vs. CHARLES H. MORRISON, Plaintiff in Error.

1. *Limitations, statute of—Computation of time—Absence in South, flagrante bello.*—Where the maker of a note was in Louisiana, and the holder in Missouri during that period, the interval between August 16th, 1861, and August 20th, 1866, could not be computed in favor of the maker as a part of the statutory period of limitations.

2. *Limitations, statute of—Lex fori—Lex loci contractus.*—The doctrine is firmly rooted that the statute of limitations of the country in which suit is brought, may be pleaded to bar a recovery on a contract made out of its political jurisdiction, and that the statute of the place where the contract was made, cannot be so pleaded. But when the statute of limitations where the contract is made, operates to extinguish the contract or debt itself, the case no longer falls within the rule that the statute affects only the remedy; and when such a contract is sued upon in another State, the *lex loci contractus,* and not the *lex fori* is to govern.

3. *Conflict of laws—State statutes, how construed.*—The adjudicated cases of a State relating thereto, must govern in the construction of its laws.

4. *Limitations, statute of—Suit on note—Louisiana "prescription" lawnot an extinguishment of debt.*—Under the laws of Louisiana, actions on bills and notes are "prescribed" in five years. But under the decisions of that State, such limitation does not operate to extinguish the debt, and suit may be brought on a note made in that State against the maker in Missouri, within the period limited by the laws of this State.

5. *Statute of limitations—Stale claims.*—Defendant may avail himself of the statute of the place of contract where the demand is stale, and he has probably been deprived of his evidence.

*Error to St. Louis Circuit Court.*

*J. C. Terry,* for Plaintiff in Error.

The note was prescribed by the laws of Louisiana, and that prescription operated to extinguish or alter the obligation,

McMerty v. Morrison.

so that an action on it will not lie in any place. (Baker vs. Stonebraker, 36 Mo., 338 ; Carson vs. Hunter, 46 Mo., 467 ; 1 Greenl., 45, § 39 ; Sto. Confl. of Laws, 6th ed., § 582 ; Civil Code La., Arts. 2126, 3420, 3422, 3494, 3497, 3505 ; Brown vs. Union Ins. Co., 3 An. [La.], 183 ; Christian vs. Chaney. 5 Id., 219, 220 ; Livistones vs. Morigny, 13 Id., 353 ; Brown vs. Shields, 13 Id., 57 ; Cowand vs. Pulley, 11 Id., 2 ; Suc. of Ferguson, 17 Id., 256 ; Suc. of Virgin, 18 Id., 44 ; Durand vs. Hume, 20 Id., 345 ; Billurgs vs. Hall, 7 Cal., 1 ; Winburn vs. Cochram, 9 Tex., 123 ; Le Roy vs. Crown. 2 Mason, 166 ; Townsend vs. Jennison, 9 How., 417 ; Ersk. Inst., 800 ; 2 Pars. Bills, 631 ; Mayor vs. Pyne, 3 Bing., 285 ; Williams vs. Jones, 13 East, 439 ; Dunford vs. Clark, 3 Louis, 201 ; Lortheth vs. Hogan, 1 An. [La.], 330 ; Suc. of Linderman, 3 Id., 714 ; Shields vs. Brundige, 4 La., 326 ; Blanchard vs. Russell, 13 Mass., 1 ; 4 Cow., 511 ; Le Roy vs. Crowenshield, 2 Mason, 166 ; 10 Barn. & Cr., 909 and foot note ; Partidas, preface & p. 369 ; Booke vs. Flood, 5 Martin [La.], 403, 404 ; 4 La., 327.)

*A. Hamilton, with R. H. Musser,* for Defendant in Error.

Article 3505 of the Civil Code of Louisiana, is not an absolute extinguishment of the debt, but is merely a statute of limitations. (Stewart vs. Leroy, 11 Wal., 244 ; Harper vs. Abbott, 6 Wal., 532 ; The Protector, 9 Wal., 687 ; Stewart vs. Kahn, 11 Wal., 494 ; S. C., 24 La. An., 31 ; Adger vs. Alston, 15 Wal., 555 ; see also C. C. La., Arts. 3424, 3426.)

And to avail himself of the prescription, defendant must plead it. If he fails to do so, he is considered as having waived it, and the plaintiff will recover (Dunford vs. Clarke's Est., 3 La., 204 ; Pereonx vs. Lacoste, 19 La. An., 266 ; Poth. Obl., p. 3, ch. 8, art. 1, § 676 ; Paillst Mann. De Droit Title, 20 de la prescription, p. 703, note 3 ; Duranton Traite des Obligations Tome 4, p. 92 ; Union Manuf. vs. Lebdale, 7 U. S., 108 ; Erwin vs. Lowry, 2 La. An., 314 ; Newman vs. Goza, Id., 642 ; Lacoste vs. Benton, 3 An., 220 ; Brown vs. Stone, 4 An., 235 ; Taylor vs. Ivor, 7 An., 272 : Sto. Confl. L., pp.

576, 577, 579 ; 2 Pars. Contr. [6th Ed.], 590, and notes ; Lincoln vs. Battelle, 6 Wend., 475; Carlin vs. Page, 8 Vt., 147.)

WAGNER, Judge, delivered the opinion of the court.

This was an action on a promissory note made by the defendant in the State of Louisiana, and payable there, dated February 7, 1861, and due one year after date. The plaintiff in order to avoid the statute of limitations in this State, alleged a state of war existing between the North and South, and also declared that the note was, during the existence of the war, held by persons residing in the North, and that the defendant, during the same period, resided in the South. There was also an averment that plaintiff became possessed of the note by purchase since the proclamation of peace between the respective sections of the country.

Defendant in his answer admitted the execution of the note, but in avoidance of any liability thereon, he averred that the note was made in Louisiana, and was made payable there, and was to be interpreted and controlled by the laws of that State ; and that by the laws of that State, the note was prescribed in five years; that more than five years had elapsed between the maturity of the note and the institution of this suit, after allowing till August 20th, 1866, for the prevalence of war ; that the effect of the statute of prescriptions of Louisiana was, to destroy the right or obligation, and after the five years had run against the note, the obligation was extinguished or so altered in character that an action could not be maintained on it in this State. Defendant further denied that plaintiff ever purchased the note, but alleged that he paid the same under legal pressure as indorser, and stated, that under the statute of limitations in this State his action was barred.

In answer to the last defense set up in the answer, it is sufficient to say that the evidence is direct and positive, that the plaintiff did purchase the note from the owner who held it for a valuable consideration, and upon that point there can be no question of the correctness of the judgment below.

The only point in the case upon which there can be any real contention, is the second instruction given for the plaintiff, which declared that the effect of the Louisiana law of prescription, after the lapse of five years, was not to extinguish and discharge the debt; that the law was substantially a law of limitations, the running of which in this case was interrupted or suspended from the 16th day of August, 1861, to the 20th of August, 1866, during which time all commercial intercourse between citizens and inhabitants of Louisiana and citizens of Missouri, was by law forbidden. The proposition that the time during which the war raged, and all commercial intercourse was forbidden, should be deducted from the time in which the statute would run, is not disputed in this court, nor could it be successfully denied, for it is now the well settled and established law. After taking out the time of interruption, the period is less than ten years, the bar under our statute, but more than five, the prescription by the Louisiana law.

The doctrine is firmly rooted, that the statute of limitations of the country in which suit is brought, may be pleaded to bar a recovery on a contract made out of its political jurisdiction, and that the statute of the place where the contract was made, cannot be so pleaded. But where the statute of limitations where the contract is made operates to extinguish the contract or debt itself, the case no longer falls within the law in respect to the limitation of the remedy ; and when such a contract is sued upon in another State, the *lex loci contractus* and not the *lex fori* is to govern. (Baker vs. Stonebraker, 36 Mo., 338; Shelby vs. Guy, 11 Wheat., 361.)

The main question then is whether the civil code prevailing in Louisiana, where it prescribes the time for bringing actions is to be regarded as a mere statute of limitations, or whether it operates as a complete extinguishment of the debt. Several articles of the code were introduced in evidence and are copied in the bill of exceptions.

Art. 2126 says, obligations are extinguished by prescrip-
tion. In Art. 3420, it is declared that prescription is a man-
ner of acquiring property, or discharging debts by effect of
time, and under the conditions regulated by law; and Art.
3494, provides that the prescription which operates a release
from debts, discharges the debtor by the mere silence of the
creditor during the time fixed by law, from all actions, real or
personal, which might be brought against him. By another
provision actions on bills of exchange, promissory notes, etc.,
are prescribed in five years. As this is a foreign law, we must
seek for its proper construction in the adjudicated cases in
the courts of the country where the law exists. The ques-
tion has repeatedly been before the Supreme Court of Louis-
iana, and some of its decisions will now be referred to.

In the succession of Ferguson (17 La. An., 255), which
was an action by a mortgage creditor for preference on notes
and interest, the plea of prescription of five years was the only
point presented for consideration. The chief justice in de-
livering the opinion of the whole court, says: "After five
years had elapsed from the maturity of the notes, Allen made
provision for their payment in the act of sale to C. Fergu-
son, which, if not an explicit, is certainly a tacit renuncia-
tion of prescription. He acknowledged their binding effect
in providing for their payment. But it is declared by the
civil code that prescription is one of the modes of extinguish-
ing debts; and as these notes were thus extinguished, it is con-
tended that the accessory obligation of mortgage was not re-
vived by the renunciation of prescription. It would be of
no avail in this case to examine this position." Here the
court distinctly recognizes the parties' right to renounce the
prescription, just as parties under ordinary statutes of limi-
tation may waive the bar, and continue liable for the debt.
If the prescription amounted to a total extinguishment, the
debt would be gone—entirely lost, and no renunciation could
revive it.

In the case of Livistones vs. Morigny (13 La. An., 353),
the suit was upon notes, and there was a plea of prescription,

and the question was fully discussed. The different provisions of the civil code were carefully referred to, and it was shown that, after the prescription was acquired, it might be renounced. The court then continues: "A mere acknowledgment by a debtor after prescription is acquired, that he has not paid the debt, would not, perhaps, bind him to pay, because he could still urge his plea of prescription when sued ; for he does not by such an acknowledgment promise not to make the plea, nor does he thereby promise to pay, nor does he acknowledge the debt. We are of the opinion that the second interrogatory is subject to no legal objection, but it can have no effect unless the recognition of defendant's indebtedness consisted of an acknowledgment of the debt, or a promise to pay it without any express acknowledgment that the debt was unpaid ; for a promise to pay includes the recognition that the debt is still due. (See Butler vs. Ford, 9 Rob., 113 ; Shiff vs. Hertzogg, 12 La., 455 ; Wilson vs. Bannen, 1 R., 556 ; Montgomery vs. Levistons, 3 R., 147 ; C. C., 3486 ; C. P., Art. 13.) Art. 3420, C. C., declares that 'prescription is a manner of acquiring property or discharging debts, by the effect of time, and under the conditions regulated by law.' It appears to be a natural conclusion from this article, and from article 13, of the code of practice, which declares that prescription merely affects the remedy, that when a debt is prescribed, it is discharged, and the original debtor cannot be held liable without a new acknowledgment of the debt, or a promise to pay, or not to plead prescription ; for these destroy the presumption of law that the debt has been paid, and his new acknowledgment or promise binds him to the amount thereof. (Butler v. Ford, 9 La., 113.)"

From the above opinion it thus clearly appears, that by a provision of the Louisiana code, it is declared that prescription merely affects the remedy ; that the lapse of the time prescribed discharges the debt, or, in other words, constitutes a presumption of payment, but that a new promise or acknowledgment of the debt destroys the presumption of payment, and continues the liability. This is substantially the con-

struction that has always been placed upon the English and American statutes of limitations, and it seems that the courts in Louisiana have always regarded their code in reference to prescription as having no other effect.

In Taylor vs. Ivor (7 An., 272), the action was upon a judgment rendered in the State of Mississippi, and a statute of that State was relied upon by the defendant, which provided that no judgment rendered in the courts of the State, should be revived by *scire facias ;* and that no action of debt should be instituted thereon after the expiration of seven years, yet the court held this a statute of limitations and reiterated the familiar principle, that the prescription of the forum, or the place where the remedy is sought, must govern in all the suits for the recovery of debts. So in Erwin vs. Lowry, (2 An., 314) it is declared : " The law of the forum governs the question of prescription, and by our code an acknowledgment of the debt interrupts prescription, even though such an acknowledgment be not made to the creditor." And in Newman vs. Goza (Id. 646), the court again says : " Questions of prescription affect the remedy, and must be determined by the law of the forum." (Sto. Confl. Laws, § 576 ; Union Cotton Manuf. vs. Lobdelle, 7 Mart. N. S., 108.) "Prescription," says our code, (art. 3486) "ceases likewise to run whenever the debtor or possessor makes an acknowledgment of the right of the person whose title they prescribe."

The same doctrine runs uniformly throughout the Louisiana decisions. Many more cases might be cited, but it is unnecessary. It appears very plainly that the construction that they place upon their code is, that the prescription is not an absolute extinguishment of the debt, but a presumption of payment, and that presumption may be waived or destroyed by a renunciation, either express or tacit, or by a new promise or acknowledgment, thus placing it upon the footing of an ordinary statute of limitations. These decisions are binding upon us, and they are moreover in harmony with the policy of the law of all nations, which is not to extinguish debts on account of mere lapse of time, but to allow the debtor to avail

himself of the statute when the demand is stale, and he has probably been deprived of his evidence. On this ground the law presumes the debt paid, but this presumption may be rebutted by the act of the party. If he waives his privilege, or promises to pay, or acknowledges the debt, then he is held liable. Therefore, construing as we must the Louisiana code of prescription as a statute of limitations, the court did not err in its declaration or its judgment.

The point raised in appellant's argument, that the note was without consideration, was not set up in his answer, and no issue was made upon it in the pleadings, and it will not be noticed.

The judgment should be affirmed. Judges Napton and Sherwood concur. Judges Vories and Hough absent.