Stirling v. Winter.

---

STIRLING, *Appellant,* v. WINTER'S EXECUTOR.

1. **Administrator**: LEGAL EFFECT OF HIS NOTE IN LOUISIANA. By the law of the state of Louisiana an administrator cannot, by executing a promissory note in his name as administrator, bind the estate of the decedent; but he will ordinarily bind himself. If, however, he can show by competent evidence that the note was executed and received merely as an acknowledgment that the estate owed the debt, he will be permitted to do so; but parol evidence is not competent.

2. **Limitations**: FOREIGN CAUSE OF ACTION. Whether a suit brought in this State on a cause of action originating in another state is barred by limitation, is to be determined by the law of this State.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Fisher & Rowell* and *Gilliam & Ferriss* for appellant.

*Given Campbell* for respondent.

HENRY, J.—This cause originated in the Probate court of the city of St. Louis, in which plaintiff prosecuted for allowance against said estate, of which Theodore Hunt is administrator, a promissory note, of which the following is a copy:

"$6,566.45.          BAYOU SARA, LA., June 1st, 1871.

One year after date we jointly and severally promise to pay to the order of Henry Stirling, minor, at whichsoever place he may designate, $6,566.45, for value received, with interest at the rate of eight per cent per annum from date until paid.

SARAH M. WINTER,

Administratrix and Tutrix to the minor children of W. D. Winter.          SAMUEL WINTER, Co-heir."

The claim was allowed against the estate of Mrs. Winter by the probate court, and on appeal to the circuit court, was again allowed, but, on appeal to the court of appeals, that judgment was reversed, and the plaintiff has prosecuted his appeal to this court, and the only question of which we deem it necessary to take more than a passing notice, is whether, by signing the note in suit, as administratrix and tutrix, Mrs. Winter bound herself personally for its payment.

When the note was executed she was the administratrix of her husband's estate, and tutrix to his minor children. After the death of her husband, and soon after this note was made, she removed to the city of St. Louis, where she died, leaving an estate, estimated at about $60,000, mainly the proceeds of insurance upon her husband's life. Mr. Winter was the agent of Mrs. Mary C. Stirling, a widow, the mother of his wife and of the plaintiff, and after his death, was found to be indebted to her on open account in the sum for which the note in suit was given. The settlement on which that note was based, was made by his son, Samuel Winter, who also signed the note as co-heir. At the request of Mrs. Stirling, the note was made payable to her son, the plaintiff, then a minor, to whom she was then indebted in that amount. The note was delivered to her, and when plaintiff arrived at age, was delivered by her to him.

The court of appeals, in the opinion delivered, very ably and elaborately reviewed the decisions of the supreme court of Louisiana, by the law of which state the question is to be determined, and only after a very careful examination of the same authorities relied upon by the court of appeals, have we reached a conclusion different from that arrived at by that court.

In *Flower v. Swift*, 5 Mart. (N. S.) 529; *s. c.*, 8 Mart (N. S.) 449; *Russell v. Cash*, 2 La. 185; *Hestres v. Petrovic*, 1 Rob. (La.) 119; *Winthrop v. Jarvis*, 8 La. An. 434; *Beatty v. Tete*, 9 La. An. 130, and *Livingston v. Gaussen*, 21 La.

An. 286, this general doctrine is distinctly recognized: "That an executor, or other administrator, by making or indorsing a note in that capacity, cannot thereby bind the estate, but will make himself personally responsible for the amount; that he cannot, in any transaction, in which he pretends to act as such, create any liability on the estate or change the nature of its obligations, or increase its responsibility in regard to its outstanding debts, and if he do so, he will be personally bound."

By the code of Louisiana, an executor or administrator is authorized to examine a claim against the estate, and, if he approve it, it is presented to the probate judge for classification, but if he disapprove it, and the claimant persists in asserting it, it is then adjudicated in the probate court. Section 985 of the code provides on this subject, that on the presentation of a demand against the estate, the executor or administrator, if he approve it, "shall write on the evidence of the claim, or on a paper which he shall annex to it, a declaration, signed by him, stating that he has no objection to the payment of such claim." It is contended by respondent, that the execution of the note in question was only an approval of the claim, under that section of the code; and that, although Mrs. Winter was *prima facie* personally bound by the note, it may be shown that it was her intention, and the understanding of the parties, when she signed the note, that the estate, and not she, was bound for its payment, and that such testimony is admissible; and he cites *Gillet v. Rachal,* 9 Rob. (La.) 276, and *The Bank of Louisiana v. Dejean,* 12 Rob. 16.

The controversy, however, is not whether the understanding of the parties, or intent of the makers, that she was not to be held personally bound for the payment of the note, may be shown, but in regard to the character of the evidence by which such understanding or intent may be established, respondent contending that proof of a verbal understanding to that effect, contemporaneous with or antecedent to the execution of the note, is admissible for that

purpose; and such seems to have been the opinion of the court of appeals.

The cases mainly relied upon to establish this view, are the two cases last cited. In *Gillet v. Rachal,* the administrator had given a note as such for a demand against the estate, but at the foot of the account for which the note was given the curator gave to the administrator a receipt, at the time, stating that when the note was paid it was to be in full of the account. The court held that this was not a novation, and that the administrator was not personally bound. The following are the observations of the court in this connection: "An executor or administrator, by making or indorsing a note, in that capacity, cannot thereby bind the estate, but will make himself personally responsible for the amount. In this case it is shown that the debt for which the administrator signed the note, was due by the estate of Pierre Baulos, and that the note, by the express agreement of the parties, created no new liability but only acknowledged that of the succession." The note and receipt at the foot of the account for which it was given, taken together, constituted the entire contract between the parties, and by that contract it was agreed that the execution of the note was only an acknowledgment of a debt of the succession or estate, as it was construed by the supreme court in that case.

In the *Bank of Louisiana v. Dejean,* the court, recognizing and re-affirming the doctrine of all the cases, that the executor makes himself personally liable on a note executed by him as such for a debt owing by the estate, held that the executor there was not personally liable on a note given in renewal of a note originally made by the testator, with the same indorsers who were on the original note as such, the executor having paid part of the debt at each renewal until from an original indebtedness of the testator by note of $1,360 it was reduced to $366, the amount for which the last renewal note was given.

It must be conceded that this decision gives some

plausibility to respondent's position ; and while, with due deference to that court, we think the case not in entire harmony with its previous adjudications, yet the reasoning upon which the decision was based, recognized palpable distinctions between that and such cases as that now under consideration, distinctions so marked, that we do not think that that court would have held that case decisive of this. Said the court ; " This was not creating a liability on the testator's estate. It was not even changing the nature of the original obligation of the deceased. The debt existed at the time of his death, and the acts of appellant cannot be viewed in any other light, than as an acknowledgment of said debt, which he was perfectly competent to acknowledge." Again : " Here no new debt or liability has been created, the note sued on is merely evidence of the balance due to the plaintiff by Andrus' estate on the original note, which was acknowledged and renewed by the defendant, in his capacity of executor. The nature of the debt is not changed ; the parties are the same, and their liability is also the same ; and we think the defendant has been incorrectly made responsible for its payment." In the case at bar the nature of the debt was changed, the time and place of payment were changed, the person to whom it is made payable is not the same person to whom the money was owing by the intestate. The administratrix executed it, not only as such, but as tutrix of the intestate's minor children, and it was also executed with her by Samuel Winter, as co-heir. Not a vestige of the original obligation remains, except the amount, and even that was not ascertained until after the death of W. D. Winter. If this note had been presented to the probate court in Louisiana for allowance against the estate, and resisted, will it be contended, in the face of the repeated adjudications of the supreme court of Louisiana, that it could have been allowed? Proof of the administratrix's intention, expressed when it was executed, that she intended it merely as an acknowledgment of the debt of the estate, would have been held

for naught. The answer of the court, if it had spoken the language of the supreme court of that state, repeated again and again, would have been: "An executor or administrator, by making or indorsing a note in that capacity, cannot bind the estate, but will make himself personally responsible for its amount." *Livingston v. Gaussen*, 21 La. An. 286.

Not only is this the case in Louisiana, but it is the same in other states, in which the common law prevails. 1 Parsons on Notes and Bills, 161. And here it may be remarked, that the demand for which the note was given has never been paid by the estate, so far as the record shows. The common law rule is, that " parol contemporaneous evidence is inadmissible so contradict or vary the terms of a valid written agreement," (1 Greenleaf Ev., § 275,) and when parties have deliberately put their engagement in writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing and all oral testimony " of a previous, contemporaneous or subsequent *colloquium* is rejected. This rule of evidence also obtains in the state of Louisiana. 6 La. 278; 21 La. An. 505; 10 La. An. 704; 29 La. An. 567. Numerous other cases might be cited from the reports of cases decided by the supreme court of that state in which the rule is declared, but the foregoing are sufficient, there being none to the contrary.

If parol evidence of an intention, by such a note, to bind the estate and not the administrator, were admitted, it would be but cumulative evidence to that of the note itself, upon the face of which it is manifest that such was the intent. Moreover, it would be inferior evidence of the intent to that furnished by the note. The law, notwithstanding such an intent is manifest on the writing, presumes conclusively that a contrary intent existed, unless by evidence of equal dignity, it can be shown that the inten-

tion was as expressed in the note, as in *Gillet v. Rachal, supra*. The proposition of respondent briefly is, that the intent to bind the estate, shown by the writing itself, will not suffice, but, if such an intent can be shown by parol evidence, the object will be accomplished. The law presumes a personal obligation from the fact of the execution of the note by an administrator as such, because it will not bind the estate, and would be a nugatory act, if it did not bind the administrator personally. The parol evidence offered and excluded would have shown nothing more than that previous to and at the execution of the note, it was understood between the parties that the estate, and not Mrs. Winter, was to be bound by the note. For the foregoing reasons we think that the evidence was properly excluded.

We are also satisfied that the question of limitations is governed by the law of this State.

We are of the opinion that the judgment of the court of appeals should be, and it is accordingly reversed, and the cause is remanded to that court with directions to enter a judgment affirming that of the circuit court. All concur.