WILLIAMS v. THE ST. LOUIS & SAN FRANCISCO RAIL-
WAY COMPANY.

Division Two, June 26, 1894.

1. **Railroad:** PERSONAL INJURY: CONFLICT OF LAW: STATUTE OF LIM-
ITATION. Defendant brought his action in this state against the
defendant for injuries received more than two years before in Kansas
by reason of the wrecking of the railroad company's train. Com-
piled Laws of Kansas, 1879, section 3546, makes a right of action
barred by any statute unavailable as a cause of action or ground
of defense. Section 3539 (*Ibid.*) limits the bringing of civil actions
for injury to another's right not arising on contract to two years after
the injury has occurred. *Held,* that, conceding that the right of action
as well as the remedy was extinguished by such statutes, the defend-
ant's answer was fatally defective in not averring that both it and
plaintiff were residents of Kansas during the whole of said two years
and it was not sufficient to allege that defendant had agents in Kan-
sas during the two years' limitation period who could have been served
with process.

2. ———: ———: ———: ———: LEX FORI. The law of the forum as
to the statute of limitations governs, whether the right of action
depends on the common law, or a local statute, unless the local law
which creates the right, also limits its duration to a prescribed time.

3. ———: ———: EVIDENCE. Plaintiff should not be permitted in a
personal injury case to state the number and ages of his children.

4. ———: ———: ———. It was improper to ask plaintiff whether he
knew, when his employer reimbursed him the amount of his physi-
cian's bills, that the defendant was expected to pay half.

5. ———: ———: INSTRUCTIONS: HARMLESS ERROR. The fact that the
instructions given to the jury contained references to the number
and pages of the supreme court reports does not constitute reversible
error in the absence of any showing that the jurors had the books in
their room, or that they were informed what the cases referred to
decided.

6. ———: ———: REMARKS OF COUNSEL. In an action against a rail-
road company for personal injuries, counsel for plaintiff should not
travel outside of the record to refer to Jay Gould and "modern rail-
road economics."

*Appeal from Dade Circuit Court.*—Hon. D. P. Stratton, Judge.

Reversed and remanded.

*E. D. Kenna, L. F. Parker* and *H. S. Abbott* for appellant.

(1)   The court erred in striking out that portion of defendant's answer pleading the statute of limitations of the state of Kansas, for the reasons:   *First.* The statute of limitations of Kansas not only bars the remedy but extinguishes the right.   *Taylor v. Miles,* 5 Kan. 498; *Chicks v. Willetts,* 2 Kan. 384; *Robbins v. Sackett,* 23 Kan. 302; *Railroad v. Burlingame,* 36 Kan. 633; *Sibert v. Wilder,* 16 Kan. 176; *Rork v. B. of Co. Com.,* 46 Kan. 175; *Culp v. Culp,* 32 Pac. Rep. (Kan.) 1118.   *Second.*   Defendant was not at any time without the state within the meaning of the statute.   *Lane v. Bank,* 6 Kan. 74; *Hoggett v. Emerson,* 8 Kan. 181; *Morrell v. Ingle,* 23 Kan. 32; *Conlon v. Lanphear,* 37 Kan. 431; *Bauserman v. Charlott,* 46 Kan. 480; *Bauserman v. Blunt,* 147 U. S. 656.   *Third.*   When a cause of action which accrues in one state is sought to be enforced in another, and the statute of limitations of the state where the cause of action accrued operates to extinguish the right as well as to bar the remedy, then the period of limitations which governs is that prescribed by the laws of the former state, and the statutes of that state may be properly pleaded to the action wherever it may be brought.   Wood on Limitations [2 Ed.], sec. 8, p. 29, footnote p. 31; p. 34; authorities cited under subdiv. *first*; *Baker v. Stonebraker,* 36 Mo. 549; *McMerty v. Morrison,* 62 Mo. 140; *Lyman v. Campbell,* 34 Mo. App. 213; *Pritchard v. Norton,* 106 U. S. 124, 131; *Shelby v. Guy,* 11 Wheat. 361, 371;

*Railroad v. Hine, Adm'r,* 25 Oh. St. 629; *Waters v. Barton,* 1 Caldw. (Tenn.) 450. (2) The verdict is, under all the circumstances of the case, excessive. *Slette v. Railroad,* 55 N. W. Rep. 137; *Kroener v. Railroad,* 55 N. W. Rep. 28; *Brick Co. v. Sobkowiak,* 34 Ill. App. 312; *Railroad v. Minogue,* 14 S. W. Rep. 357; *Railroad v. Bayzant,* 87 Ill. 125. (3) The fact that the plaintiff's wages had been paid him was a proper matter for the consideration of the jury on the question of the amount damages, and the remarks of the court to the contrary, were erroneous and highly prejudicial. The eighth instruction, upon the question of loss of earnings, were also erroneous in above respect. *Railroad v. Malette,* 9 S. Rep. 363, 366. (4) If defendant had already contributed equally with the Adams Express Company, which was originally sued jointly with it, towards the payment of the wages and doctor bills, which are included, and helped to make up the damages now claimed, that fact should have gone to the jury. (5) It was error to submit to the jury the question of how much the plaintiff was entitled to receive for "medical treatment," or "expense incurred for surgeons," in the absence of testimony tending to show the reasonable value of such treatment or services. *Smith v. Railroad,* 108 Mo. 243; *Duke v. Railroad,* 99 Mo. 347; *Crowley v. Railroad,* 24 Mo. App. 119; *Reed v. Railroad,* 57 Iowa, 23; *Eckherd v. Railroad,* 70 Iowa, 353; *Hunter v. Mexico,* 49 Mo. App. 17. (6) It was reversible error to permit plaintiff to testify to the extent of his family, and the number and ages of his children. *Mahaney v. Railroad,* 108 Mo. 191; *Dayharsh v. Railroad,* 103 Mo. 570; *Stephens v. Railroad,* 96 Mo. 207. (7) It was error for the court to permit plaintiff's instructions numbers 5 and 8 to go to the jury with citations of authority offered and directed underneath the same. (8) The intemperate, mislead-

ing, outrageous and unrebuked remarks of counsel in his closing argument are of themselves sufficient grounds for reversing the case, not being based upon the evidence in the record, and prejudicial in the extreme. *Haynes v. Trenton,* 108 Mo. 123; *Evans v. Trenton,* 112 Mo. 390; *State v. Ulrich,* 110 Mo. 350; *McDonald & Co. v. Cash & Hinds,* 45 Mo. App. 66; *Wilburn v. Railroad,* 48 Mo. App. 224; *Dillingham v. Scales,* 14 S. W. Rep. 566.

*H. E. Howell* and *J. R. Vaughan* for respondent.

GANTT, P. J.—This action was commenced in Greene county, Missouri, December 20, 1889, and change of venue awarded to Dade county.

The suit is to recover damages for personal injuries received by the plaintiff in a wreck of defendant's train at High Lonesome Hill, near Severy, Kansas, January 1, 1885.

The amended petition on which the case was tried alleged that defendant was a railroad corporation organized under the laws of Missouri owning and operating a line extending from Wichita, Kansas, to Springfield, Missouri; that plaintiff was an express messenger in the employ of the Adams Express Company, and that at the time of the wreck he was engaged on his usual route and in his usual work in the express car of said wrecked train; that there was a sharp curve and a down grade just east of Severy, and the road at that place was in a dangerous and unsafe condition; that defendant had negligently and carelessly allowed the ties there to become rotten, decayed and unfit for use; that the rail spikes would not hold and some of them were gone; that the ties were far apart; there was no ballast and the track was out of alignment; that the rail joints were defective in construction, weak and

unsafe; that the outside of the curve was lower instead of higher, as it should be; that defendant knew of these facts; that the wrecked train was late, and instead running at schedule time of twenty miles per hour was negligently and carelessly running at forty miles per hour; that the track and road would not support the train but gave way, it ran over an embankment, and the express car, in which plaintiff was riding, was wrecked and demolished and he, without fault or negligence, was thrown under the timbers, his left arm crushed, broken and joint ruptured, and left hand cut, bruised and mashed; that plaintiff became sick for a great length of time, and suffered great and intense mental anguish; and plaintiff paid out and expended the sum of $150, for nursing, medicines and medical treatment, and surgeons, in attempting to be cured of his wounds and injuries; that by reason of said injuries he has lost the use of his left arm, and has lost all his earnings since January 1, 1885, and has been unable to earn any money since said time; that plaintiff has been made a cripple for life; that both plaintiff and defendant were, on January 1, 1885 (the time of the wreck), and have been, ever since, residents of tne state of Missouri.   He prayed judgment for $20,000 and costs.

The answer to the amended petition was a general denial, and also pleaded, "for another and separate defense, that plaintiff's cause of action accrued in the county of Butler, state of Kansas and accrued more than two years before the bringing of plaintiff's suit.   That on the first day of January, 1885, there was in force in Kansas the following statute:   'Civil actions for injury to the right of another, not arising out of a contract, can only be brought within two years after such injury shall have occurred, and not afterward.'

"That on the first day of January, 1885, the following statute was in force in said state of Kansas, namely:

" 'When the right of any action is barred by the provision of any statute, it shall be unavailable either as a cause of action or ground of defense.'

"That on the first day of January, 1885, the following statute was in force in the said state of Kansas, namely:

" 'Every railroad company or corporation doing business in the state of Kansas, or having agents doing business therein for such corporation or company, is hereby required to designate some person residing in each county into which its railroad runs, or stage route may or does run, or in which its business is transacted, on whom all process and notice issued by any court of record or justice of the peace may be served'.

"This defendant further states that it operated a railroad through the following named counties in said state of Kansas, namely: Cherokee, Crawford, Labette Montgomery, Wilson, Elk, Greenwood, Butler, Cowley, Sedgwick, Sumner, Harvey, Reno, Rice, Elsworth, Harper. That on the first day of January, 1885, the following statute was in force in the state of Kansas:

" 'In every case such railroad company, corporation or stage company shall file a certificate of the appointment and designation of such person in office of clerk of the district court of the county in which such person resides, and service of all process upon the person so designated, in any civil action, shall be deemed and held to be as effectual as if service of such process were made upon the president or chief officer of the corporation or stage company.'

"That all said above statutes have been in force at all times from said first day of January, 1885, to the present time and are still in force in said state of Kansas.

"That on the first day of January, 1885, this defendant had filed in the office of the clerk of the district court of each of the counties hereinbefore named the appointment and designation of a person residing in each of said counties respectively, on whom all process and notice issued by any court of record or justice of peace of said county might be served, and that said appointment and designation have remained on file in the office of said clerks of said courts respectively at all times from said first day of January, and have remained on file up to the present day.

"That the following statute was in force in said state of Kansas on January 1, 1885, namely:

" 'If any railroad or stage company or corporation failed to designate or appoint such person, as in the preceding section is provided and required, such process may be served on any local superintendent of repairs, freight agent or agent to sell tickets, or station keepers of such company or corporation in such counties, or such process may be served by leaving copy thereof, certified by the officer to whom the same is directed to be a true copy, at any station of such company or corporation in such county with some person in charge thereof, or any employee of such company or corporation, and such service shall be held and deemed complete and effectual.'

"Defendant states that said statute last named has been in force in said state at all times since said first day of January, 1885, and now is in force therein.

"This defendant further states that in each of the counties above named it has station houses, at each of which there is a station keeper, a freight agent, and has

in said several counties more than sixty offices, having persons in charge thereof on whom process might have been served at any time from said first day of January, 1885, to the present time, within said state of Kansas, by force and effect of the last above recited statute.

"Defendant further states that on the first day of January, 1885, the following statute was in force in the state of Kansas, namely:

"'If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement shall not begin to run until he comes into the state, or while he was gone, absconded or concealed.'

"The defendant states that the last named statute has been in force at all times since the first day of January, 1885, in said state of Kansas, and is now in force therein. That by force of said several statutes authorizing service upon persons duly appointed and designated by this defendant in said state of Kansas hereinbefore set forth, and by force of said statute authorizing complete and effectual service upon said agents and employees of defendant in said state of Kansas hereinbefore set forth, defendant says that it was not out of said state of Kansas on the first day of January, 1885, nor has it at any time since that day been out of the said state of Kansas, within the meaning of said statute last above recited, although it is a corporation created by, and existing under, the laws of the state of Missouri.

"Wherefore, by reason of the lapse of time since said cause of action accrued before the bringing of this suit, to wit, by reason of the lapse of more than two years, and by force of said several statutes hereinbefore recited, defendant says that the plaintiff's cause of action, if any he has, has been extinguished, and is.

unavailable as a cause of action, and defendant brings said several statutes into court and pleads same as a bar, not only to plaintiff's remedy, but as a bar to said alleged cause of action itself, and, having fully answered, this defendant asks to be discharged with its costs.''

At the April, 1892, term the plaintiff moved to strike out all that part of the answer beginning in the second line thereof, for the reasons:

''Because said matter sought to be stricken out of said answer constitutes no legal or equitable defense to plaintiff's cause of action.

''Because the petition alleged that defendant and plaintiff were, on the first day of January, 1885, and have been ever since, nonresidents of the state of Kansas, and residents of the state of Missouri, and said answer does not allege that plaintiff and defendant, or either of them, were at any time residents of the state of Kansas, and the statute of limitations has never commenced to run in favor of the defendant.

''Because this is a personal transitory action at common law, and the statute of limitations of the forum where tried governs the remedy;'' which motion the court sustained, and to which ruling the defendant then and there duly excepted.

The cause was tried to a jury at the April term, 1892, of the circuit court of Dade county and a verdict of $10,000 rendered for plaintiff, from which defendant appeals.

I.   The first assignment of error is that the circuit court wrongfully struck out defendant's plea of the several statutes of limitations of Kansas. As those statutes are pleaded at length in the answer, the motion to strike out was in effect a demurrer.

The defendant insists that the statute of limitations of Kansas not only bars the remedy but extinguishes the right of action, and that, as the injury occurred in

Kansas, the right of action accrued there, and the limitation in that state being two years, the plaintiff is barred, although by the laws of this state, of which both plaintiff and defendant are residents, the limitations for such an action as this is five years. Sec. 25, chap. 80 (Sec. 3546) Compiled Laws of Kansas, 1879, declares: "When a right of action is barred by the provisions of any statute, it shall be unavailable either as a cause of action or ground of defense." And the statute relied on as creating the bar in this case, section 3539, provides that civil actions for injury to the rights of another, not arising out of a contract, can only be brought within two years after such injury shall have occurred and not afterward.

We think that these two sections are only ordinary statutes of limitations which affect the remedy only, and do not extinguish the right and are so construed by the courts of this state and Kansas, as we undertand them. *Carson v. Hunter*, 46 Mo. 467; *Stirling v. Winter's Ex'r*, 80 Mo. 141; *McMerty v. Morrison*, 62 Mo. 140; *Elder v. Dyer*, 26 Kan. 604; *Sibert v. Wilder*, 16 Kan. 176.

But if said statutes were to be construed as statutes extinguishing the right, still defendant's answer does not bring it within the distinction first made by Judge STORY between statutes which affect the remedy and those affecting the right, because his qualification of that rule required that both parties should continue to reside in the state where the law extinguishing the right of action prevails *during the full period of limitation*, so that it could act both upon the parties and the cause of action.

Now, there is no avorment in this plea that plaintiff and defendant were either residents of Kansas for two years after this action accrued. The mere allegation that defendant had agents in Kansas who could have

been served during all that time, by no means brings it within the rule. *LeRoy v. Crowninshield*, 2 Mason, 151; *Huber v. Steiner*, 2 Bing. N. C. 202; 1 Wood on Limitations [2 Ed.], sec. 8, p. 34.

Statutes of limitations constitute a part of the *lex fori* of every civilized country, and like other remedies are governed by the law of the place where the action is brought or remedy is sought. This action is brought in the courts of Missouri and plaintiff is entitled to the remedies afforded by our laws, unless defendant can bring itself within the qualification made by Judge STORY and approved by this court in *McMerty v. Morrison*, 62 Mo. 140, and this he has not done. *Carson v. Hunter*, 46 Mo. 467; *Amy v. Dubuque*, 98 U. S. 470; *Pritchard v. Norton*, 106 U. S. 124; *Bank v. Eldred*, 130 U. S. 693.

Moreover, plaintiff's cause of action is founded upon a tort at common law. He was a citizen of this state when the injury occurred to him in Kansas. He returned at once to his home in this state and has never since resided in Kansas. His cause of action was good wherever the common law prevailed and he brought his action within the time prescribed by our statutes in such cases. In such a case the law of the forum governs whether the right of action depends upon the common law, or a local statute, unless the local statute which creates the right also limits the duration of the right within a prescribed time. The court committed no error in striking out the plea of the statute of limitations. It constituted no defense. 1 Wood on Limitations, p. 35, sec. 9; *Nonce v. Railroad*, 33 Fed. Rep. 429; *The Harrisburg*, 119 U. S. 199; *Pittsburg, etc., R'y Co. v. Hine*, 25 Ohio St. 629; *O'Shields v. Railroad*, 83 Ga. 621.

II. The objection to plaintiff's eighth instruction is founded upon a misapprehension of the evidence.

The plaintiff testified to the cost of medical attendance; that he paid Dr. Cox $75 and Dr. McBride $32. He testified he didn't keep his druggist's bills but that a small estimate for medical attendance, nursing and medicine would be $150. There was nothing to show these charges were unreasonable.

III.    Plaintiff, over repeated objections of defendant, was allowed to state the number and ages of all his children. This was error. *Stephens v. Railroad*, 96 Mo. 207; *Dayharsh v. Railroad*, 103 Mo. 570; *Mahaney v. Railroad*, 108 Mo. 191.

It was entirely unnecessary to go into all these details in order to explain to the jury, why he returned to his home when injured. He had a right to come home and it was sufficient to state that his home and family were in Springfield, and also his physicians. Whether he acted prudently in coming, under the circumstances, was properly left to the jury in the ninth instruction.

IV.    Among other grounds for new trial, the defendant company complains of the ruling of the circuit court, excluding evidence tending to show that defendant paid one-half of plaintiff's salary and doctor's bills after his injury.

Plaintiff in answer to an interrogatory by defendant's counsel, stated that he paid his doctor's bills to Drs. Cox and McBride; that about three months after he had paid them, he received from the Adams Express Company the amount of the bills with a request to sign duplicate receipts to the company which he did. He was then asked: "What was your information at that time as to who paid it?" Objected to because incompetent and not in support of any issue in the case; for the further reason that it is no defense to this action if the Adams Express Company did pay these bills.

Counsel for defendant, after stating the bills were paid outside of plaintiff's salary, asked, "Didn't you know at the time that the 'Frisco' road was expected to pay one-half of that bill." Witness answered, "I did not. I didn't know anything about the 'Frisco' at that time." "Were you informed that they were expected to pay half of those bills?" Objected to and objection sustained. Again counsel inquired of plaintiff, "At the time you received this money, paying your salary for services never performed, from the first of January, 1885, to the first of June and from the first of July, 1885, to the first of September that year, were you not informed that half of that money was to be paid by the St. Louis & San Francisco Railroad Company?" Objected to as incompetent, immaterial, and hearsay, and objection sustained and exception duly saved.

No other or further effort was made to show that defendant as a matter of fact paid half of the amounts voluntarily contributed by the Adams Express Company. If it did it was a fact wholly within its own knowledge. The mere knowledge of plaintiff that the defendant was expected to pay a half of such sum could be no defense and there was no error in excluding it. Moreover, it was objectionable in form and called for hearsay evidence.

Most clearly it was no defense to this action to show that plaintiff's employer, the Adams Express Company, had continued his salary while he was disabled by an injury caused by defendant. There can be no abatement of damages on the ground of partial compensation when it comes from a collateral source, independent of defendant. *Dillon v. Hunt*, 105 Mo. 154; *Mathews v. Railroad*, 24 S. W. Rep. 591; 1 Sutherland on Damages [2 Ed.], sec. 158. No contri-

bution could be enforced against the defendant as a joint tort feasor.

V.   It appears that when the instructions were sent to the jury room those numbered 5 and 8, contained a citation of authority in pencil marks on them as follows:   On instruction 5, the words and figures "98 Mo. 78," and on number 8, "103 Mo. 173." It does not appear in whose writing the citations were, and it is not pretended that the jury had either of those volumes in their room, or that they were advised what principles were decided in either case.   There is nothing to indicate that this inadvertence affected the case in any manner, and of course, it can not constitute reversible error.

VI.   Other grounds for reversal urged upon us relate to intemperate remarks by counsel for plaintiff, and excessive damages.

As the cause must be reversed on other grounds, we deem it unnecessary to do more than refer to the view already expressed in *Haynes v. Trenton*, 108 Mo. 123, and *Evans v. Trenton*, 112 Mo. 390, and similar cases.   The allusions to Jay Gould and to "modern railroad economics," were not based upon evidence, nor legitimate deductions from any evidence we find in the record, and should not be repeated on another trial.   The damages appear to us very large but we only interfere with the findings of the jury on this ground in extreme cases.   We decline, in view of the reversal on other grounds, to express an opinion, as another trial, without error, may avoid all necessity for an expression by us on the amount of the verdict.

For the error in admitting evidence as to the number and ages of plaintiff's children, the judgment must be, and is, reversed and the cause remanded for new trial.   BURGESS and SHERWOOD, JJ., concur.