W. H. O'BRIEN, et al v. W. S. BILES, et al,
and
IRA L. PARRETT v. W. S. BILES, et al.

Western Section. December 3, 1925.

Certiorari denied by Supreme Court February 13, 1926.

1. **Mortgages. Where debt barred by limitations deed of trust cannot be foreclosed.**
Where a note secured by a deed of trust is barred by limitations and the debt extinguished there is then no debt to support the deed of trust and the deed of trust cannot be foreclosed to satisfy a debt that does not exist.

2. **Limitations. Where statute of limitations of another state is pleaded as a defense the party must show residence in that state for statutory period.**
In an action to foreclose a deed of trust where defendant pleaded note was a contract of another state and was barred by Statute of Limitations of that state, held he must allege and prove residence in that state for full statutory period.

3. **Statutes. Statutes of another state must be pleaded and proved.**
Where statutes of another state are relied on they must be pleaded and proved.

4. **Limitations. Where party has not lived in state statutory period limitations will not bar action on a note.**
In an action to foreclose a mortgage where defendant pleaded the Statute of Limitations of another state and the evidence showed that maker of note had never lived in that state, held note not barred by limitations.

5. **Statutes. In absence of any showing law of another State will be presumed to be the same as that of forum.**
Where Statute of Limitations of another state was pleaded as a defense and evidence showed maker of note had not lived in state statutory period

and no evidence to show law of the other state it will be presumed that the law is the same as that of this state and that absence from the state stops the running of the statute.

6. Bills and notes. Holder is deemed a prima-facie holder in due course.
    The holder of a note regularly endorsed is deemed a prima-facie holder in due course under section 3516a58, Shannon's Code.

7. Bills and notes. Failure to bring suit until end of statutory period not badge of fraud.
    Fact that holder waits until limitations have almost run before filing suit on note is not of itself a badge of fraud.

Appeal from Chancery Court, Shelby County; Hon. I. H. Peres, Chancellor.

Affirmed.

Edgington and Edgington, of Memphis, for W. O'Brien.

Robert Keebler, of Memphis, for Parrett.

A. H. Murray, Fitzhugh and Dixon, and Wilson, Gates and Armstrong, all of Memphis, for Biles.

HEISKELL, J.  In these consolidated causes the respective complainants are insisting that they have a prior claim on a certain lot on Madison street, in the city of Memphis, and a prior right to subject the same to the satisfaction of their respective claims.  The complainants in the first suit, O'Brien and Kennedy, claim by virtue of a judgment against Biles.  The complainant in the second suit, Ira L. Parrett, claims under a deed of trust executed by Biles and wife to secure a note which he, Parrett, claims to hold as collateral to a larger note.

O'Brien and Kennedy insist that the notes and debt under which Parrett claims are barred and extinguished by limitation and by laches; that they and the deed of trust are fraudulent and void and should, therefore, be cancelled, leaving the property free, to be subjected to the satisfaction of the O'Brien and Kennedy judgment.

The pleadings are confusing.  They consist of an original bill and several amended bills filed by each of these respective parties, and answers by each to the original and amended bills of the other.  The net result of all this pleading is that O'Brien and Kennedy file the first bill against Biles and others, setting up a judgment, and return of nulla bona against Biles, seeking a discovery as to him, setting up the deed of trust on the Memphis property, under which Parrett claims and seeking to subject the property to the judgment of said complainants.  Parrett is not made a defendant to this bill, but the trustees in said deed of trust are made parties.  Parrett then files his bill, which is afterwards amended, setting up that W. S. Biles was indebted to Mrs. Alice A. Rippetoe, and on November 10, 1913, executed jointly with his wife a note for $15,000, payable to the order of W. S. Biles & Co., which was endorsed by W. S. Biles & Co., in

blank and delivered to the said Mrs. Alice A. Rippetoe. It may be stated here, that so far as the parties to this controversy are concerned W. S. Biles & Co. may be considered as a trade name for, and equivalent to, W. S. Biles.

Parrett further alleges that W. S. Biles and his wife, Ida I. Biles, at the time of the execution of the said $15,000 note, executed a deed of trust to secure same, conveying certain property on Madison street, city of Memphis, to J. L. Mulcahy and Fred Ragland, trustees. That Ragland has removed to another State and that Mulcahy is an employee of Biles and refuses to forclose said deed of trust; therefore, he asks that a foreclosure be decreed by the chancery court. Parrett's pleadings further allege that before the maturity of said $15000 note eighteen months after date, on the 28th day of December, 1914, W. S. Biles & Co. and W. S. Biles executed another note for $16,319.28 (sometimes referred to as the $16000 note) payable on demand, to the order of Alice A. Rippetoe. That this second note represented the debt evidenced by the $15000 note of November 10, 1913, with interest to December 28, 1914, and that said $15000 note with its mortgage security was attached as collateral, along with other collateral, to said note for $16,319.28. The original bill of Parrett, seeking a foreclosure, was filed July 17, 1923, within ten years from the maturity of the first note, but more than six years after the maturity of the last note. Parrett makes O'Brien & Kennedy defendants to his bills and O'Brien by amended pleadings makes Parrett a defendant, and the two suits are consolidated.

W. S. Biles answers the bill of O'Brien & Kennedy under oath, the bill being filed as a bill of discovery, and supports the contention of Parrett as to the transaction.

The note for $15000 bears interest from date, at six per cent, and while made in Memphis and payable in Memphis, contains the following clause, "and shall be performed and construed in accordance with the laws of the State of Mississippi."

The $16,319.28 note contains no such provision, is payable in Memphis, and bears interest at the rate of eight per cent.

O'Brien & Kennedy set up the statutes of limitation of both Tennessee and Mississippi and contend that the $15000 note is barred by the Mississippi statute, being a Mississippi contract and that this statute of limitations bars the right as well as the remedy and therefore seeks to have said note and the deed of trust cancelled.

It is insisted that the $16,319.28 note is a Tennessee contract and providing for eight per cent on its face is void for usury.

The chancellor held that the $16,319.28 note was a Tennessee contract and void for usury, but that this did not prevent the foreclosure for the debt. That the $15000 note was a Mississippi contract and while the Statute of Limitation of Mississippi of six years

does bar the right, yet the law of another State could not operate to prevent the foreclosure of a Tennessee deed of trust upon Tennessee real estate for the original debt shown to be unpaid, within ten years, the time allowed by the law of Tennessee.

The chancellor decreed that Parrett was entitled to have the collateral other than the Madison street real estate first sold and if this did not pay his debt, to have the deed of trust on the real estate foreclosed. That O'Brien & Kennedy were entitled to a lien on the Madison avenue property subordinated to that of Parrett. The chancellor held that O'Brien & Kennedy showed no fraud in the transaction between Biles, Mrs. Rippetoe and Parrett. O'Brien & Kennedy filed a petition for rehearing, which was overruled, and they have appealed and assigned errors.

The substance of the assignments of error will be stated as they are taken up.

A. H. Murray and H. A. Banks appear as parties to this litigation by reason of being trustees under a deed of trust on the Madison avenue property, which the proof shows has been satisfied. No relief is sought as to the Bank of Commerce and Commercial Trust & Savings Bank. So these parties are eliminated from the case.

The first assignment of error raises the question that the note for $15000 is a Mississippi contract and barred by the Mississippi Statute of Limitations and that said statute bars the right as well as the remedy and that the debt, being extinguished, the lien of the trust deed is also extinguished. The chancellor held the $15000 note a Mississippi contract, but held that the law of another state could not control the law of Tennessee applicable to Tennessee real estate. We cannot follow this line of reasoning. If the contract was controlled by the law of Mississippi as the law extinguishes the debt, if the Mississippi Statute of Limitations applies, there would be no debt left to support the deed of trust and a deed of trust could not be foreclosed to satisfy a debt that did not exist. However, there is a view of this question not presented in argument. The Code of Tennessee, section 3480, provides as follows:

> "Where the Statute of Limitations of another State or Government has created a bar to an action upon a cause accruing therein, whilst the party to be charged was a resident in such state or under such government, the bar is equally effectual in this State."

In Kempe v. Bader, 2 Pickle, 189, our Supreme Court held that in order to constitute a defense to a suit in this State the plea of the bar of the statute of another State must be supported by proof of the requisite residence of the defendant in the other State to make the bar complete.

"If it is claimed that the foreign statute relied on bars the remedy as well as the right, it must be alleged that both parties continued to reside in the foreign State where the cause of action arose, during the full period of limitations." 37 Corpus Jurius, p. 1226. Citing Williams v. St. Louis, etc., R. Co., 123 Mo. 573.

Under statutes such as our Code, section 3480, Woods on Limitations says:

> "Where a right is completely barred under the statutes of another state or country, it forms a valid defense. . . . But in order to avail himself of that defense, it must be affirmatively stated in the plea or answer and must be fully established by the defendant, by proof showing that the statute of the State relied on has fully run upon the claim and that the conditions required to make such statute a bar existed." I Wood on Lim. (4 Ed.), pp. 37-38.

The case of Williams v. Railroad, 123 Mo., 573, in exactly in point and holds that where the defense of the bar is another State is relied on as extinguishing the right, the burden is upon the defendant to allege and prove residence in the other State for the full period required by the statute of that State.

Biles does not plead the statute of Mississippi, or make any defense to Parrot's bill, but suffers a pro confesso. Conceding that O'Brien & Kennedy have the right to set up the bar of the Mississippi statute, in order to cancel the $15000 note and trust deed securing it on Memphis real estate, still the burden rests upon them as fully as upon the maker of the note pleading the statute. If Biles had pleaded the statute of Mississippi under the authorities cited he would have been required to show residence in that State for the statutory period. It would seem that the rule should apply to O'Brien & Kennedy a fortiori. Not only is there no allegation or proof that Biles resided in Mississippi, but the bill of complainant and the exhibits thereto furnish evidence that Biles is and has been a resident of Tennessee since the execution of the $15000 note on the 10th day of November, 1913.

The bill filed August 23, 1920, states that he is a resident of Shelby county, Tennessee. Complainant sets up a judgment obtained in Shelby county circuit court in a suit begun September 24, 1918. In this suit at law Biles was sued as a resident of Shelby county, Tennessee.

Exhibit C to complainants' bill is a deed of trust executed by Biles and wife "of Shelby county, Tennessee." This instrument is dated January 26, 1915.

The answer of O'Brien and Kennedy to Parrett's original bill sets out that Biles lives in a handsome residence fronting on Overton Park, in Memphis. This answer was filed August 13, 1923.

Exhibit "E" to the bill is a deed executed on the 24th day of December, 1912, to W. S. Biles and recited that he is a resident of the city of Memphis, Tennessee.

Exhibit "F" dated December 7, 1914, recites that W. S. Biles & Co. is of Memphis, Tennessee.

While the note for $15000, dated November 10, 1913, and the deed of trust to secure same, contain no recitals of the residence of Biles, there is every indication that he was then a resident of Memphis, Tennessee. While the record contains all these indications that W. S. Biles was, at the time he executed the $15000 note, a non-resident of the State of Mississippi, and has remained so ever since, there is no proof and no indication whatever that he was ever at any time a resident of that State.

Complainants, O'Brien and Kennedy, are asking that this $15000 note and the deed of trust be cancelled because the note and the debt evidenced thereby is barred and extinguished by the Statute of Limitations of Mississippi. But in the absence of any showing to the contrary the law of another State, on any given point, will be presumed to be the same as the law of this State. Therefore, the time of absence from the State is not to be counted in computing the period of limitations, and in the present state of the record the court is warranted in presuming and finding that W. S. Biles has never been a resident of Mississippi and, therefore, the Statute of Limitations of that State never began to run upon said note, and the same is not barred.

This, however, is settled by the Mississippi court in the case of Robinson v. Moore, 76 Miss., 89.

The second assignment of error is to the effect that the chancellor erred in allowing Parrett to testify that he is the sole legatee and devisee of Alice Rippetoe.

The chancellor held that the $16000 note was void, and the appellant is not complaining of this. We think the chancellor was right in this; therefore, the assignment is immaterial so far as this note is concerned. Parrett's recovery, if he recovers, must rest upon the $15000 note or the debt upon which it was founded. The $15000 note was signed by W. S. Biles and his wife, Ida I. Biles, payable to W. S. Biles & Co., so far as this case is concerned there is no distinction between W. S. Biles & Co. and W. S. Biles.

There is no question raised as to the genuineness of this endorsement and Parrett appears as the holder of a note regularly endorsed.

"Every holder is deemed a prima facie holder in due course." Shannon's Code, section 3516a58.

Even without any proof as to the will of Alice Rippetoe, Parrett was entitled, prima facie to enforce said note and foreclose the deed

of trust given to secure it. He could have enforced the deed of trust out of court, but for the failure of trustees. One moved from the State, the other refused to act. In so far as Parrett is a complainant in this litigation, all that was required was for him to obtain a decree appointing a trustee to make a sale or for the court to decree a foreclosure.

Insofar, then, as this confused litigation involves other questions, O'Brien and Kennedy must be considered as complainants, with the burden of proof resting on them to show the invalidity of Parrett's $15000 note.

This assignment is overruled.

The third assignment is to the effect that there is no proof that Biles owes the debt claimed by Parrett. Involved in this assignment is the question that Parrett was incompetent to testify on this subject. This is not so. There is no case of a judgment for or against a personal representative. Besides Biles, in his sworn answer to the bill of discovery of O'Brien and Kennedy states that the debt is due and unpaid and that Parrett is the owner and holder of the $15000 note. This note represents the original debt. This is evidence which supports that of Parrett. Therefore, the proof is sufficient to support Parrett's claim, and this assignment is overruled.

The fourth assignment relates to the $16000 note, which was eliminated; therefore, this assignment is overruled.

The fifth assignment also relates to the $16000 note. The fact that this note is void for usury on its face does not affect the $15000 note held by Parrett, which is valid and subsisting, which represents the original debt, and is secured by deed of trust.

The sixth assignment involves the charge of fraud between Parrett and Biles. That this whole transaction was a fraudulent and collusive arrangement between them for the purpose of defrauding and defeating the creditors of Biles.

One of the badges of fraud relied on is that Parrett claims to be a lawyer, residing at Lilbourn, Missouri, and the court should take judicial notice of the fact that Lilbourn is a small village on a bayou in Missouri and that lawyers who have their places of business remote from court houses belong to a prescribed class who usually act both as lawyers and witnesses in their cases. It is sufficient to say that the conclusion called for in this assignment is beyond the judicial cognizance of the court from a geographical, topographical and psychological standpoint. Another badge of fraud relied on is the long delay of Parrett in prosecuting his claim "until it has become covered with the dust of years, which has obscured the evidence against the claim." Parrett, as said before, could have foreclosed his trust deed out of court, but for lack of a trustee. If he waited until just before the bar of the statute was complete, what right had O'Brien

and Kennedy to complain? Without more it does not show fraud or laches.

Again the brief for appellants says:

"One of the funny and laughable badges of fraud is seen in Biles affixing the revenue stamps on the $16,319.28 note dated Dec. 28, 1914. The stamp endorsement on the note reads thus— 'U. S. Documental stamps to amount of $2.55 affixed and cancelled 12/28/14.'"

"The stamp Act on promissory notes was not enacted by Congress until October 3, 1917, some three years after the note was made. The cancellation of the stamps was made by W. S. Biles in his own handwriting 'W. S. B. & Co.' It follows right after the enforcement of the note by Parrett as executor to Parrett individually and the certificate thus 1/2/1920 examined and approved Charles L. Pulliam, Judge of the Vigo circuit court, and as part of that transaction. This indicates that W. S. Biles had possession and control of the $16,319.28 note on January 2, 1920. It shows that Parrett and Biles must have been present together at this date in Vigo county, Indiana."

While we are not concerned with the $16,319.28 note, it may be said a fraud shown in regard to this note reflects on the whole transaction. The whole contention, however, as a badge of fraud falls to the ground when we refer to the Act of Congress of October 22, 1914, chapter 331, 38 U. S. Statutes, 753-764, where we find the requirement that promissory notes be stamped. At the time this note was executed, December 28, 1914, there was an act in force requiring notes to be stamped, and this note was properly stamped and evidently stamped at the time it was made.

The seventh assignment is to be the effect that the court erred in allowing Parrett to amend his bill at the hearing. If it be conceded that this was an erroneous exercise of discretion by the chancellor, still, in the view we take of the case, the amendment was utterly immaterial, since we hold that the $15000 note was not barred nor void for any reason, and that it represented the original consideration due from Biles, with the exception of certain credits, as set out in the decree herein.

It results that all the assignments of error are overruled, and while we do not quite agree with the theory upon which the chancellor's decree is based, the conclusion is practically the same. The $16,319.28 note being void for usury on its face, and the $15000 note, dated November 10, 1913, and due at eighteen months, being valid and representing the original consideration for, and the original debt secured by, the deed of trust, said $15000 note should be made the basis of the decree in favor of Parrett and he is entitled to said $15000

with interest from November 10, 1913. In all other respects the de-
cree of the chancellor is affirmed.

Owen and Senter, JJ., concur.