Lyman v. Campbell.

JAMES S. LYMAN, Respondent, v. ROBERT G. CAMPBELL, Appellant.

St. Louis Court of Appeals, February 19, 1889.

1. **Statute of Limitations:** LEX LOCI. If a contract be made within a jurisdiction where the statute law extinguishes a debt upon the expiration of the period of limitation, the same law will follow the liability into any other jurisdiction. But if the *lex loci contractu* merely denies a remedy after the statutory period, the *lex fori* will prevail.

2. **Promissory Note:** FAILURE OF CONSIDERATION. The defense of failure of consideration does not arise upon allegations to the effect that, when the note sued on was given, both parties believed that a suit on account of the same indebtedness was pending in another state, and was thought to be extinguished and discontinued by the note given—without any allegation of an agreement concerning such supposed effect—whereas in truth a judgment had already been rendered in the foreign suit, and the creditor's attorney declared himself powerless to deliver to the maker the note there in judgment. There was no distinct issuable matter in these allegations, and the trial court did not err in striking them out of the answer.

3. **Equity:** MISTAKE OF FACT. A right to relief in equity, on the ground of a mistake in fact, must be founded on mistake as to some fact which constituted a material inducement to the making of the contract. A mistake concerning a matter which could not in any event change the condition of the parties, whether truly or falsely understood, can furnish no basis for an equitable defense.

*Appeal from the Greene Circuit Court.*—HON. C. B. MCAFEE, Special Judge.

AFFIRMED.

*Robert G. Campbell*, for the appellant.

If "the defendant signed the note sued on in error of a state of facts then existing," and "it was mutually

given, and received and thought to be an extinguishment and discontinuance of all legal proceedings against defendant herein," in "suit number 2114" of the "docket of the parish court of the parish of East Carroll, Louisiana," neither knowing the matter in suit had passed to judgment, both believing the note in suit would be delivered up to defendant, while in fact as part of the record it could not; and said judgment is still held over defendant, the note sued on herein is certainly without any consideration, and was executed in mutual mistake of facts, and should be cancelled. Under our system of pleadings the same court passes in review both law and equity in the same action, and the same obligation is upon it to apply equity as administer law; hence any relief can be granted under the pleadings. See *Gillespie v. Moon*, 2 Johns. Ch. 585; *Leitendorfer v. Delphy*, 15 Mo. 115; *Hook v. Craighead*, 32 Mo. 405; *Lyman v. Ins. Co.*, 17 Johns. (N. Y.) 377; *Mathews v. City of Kansas*, 80 Mo. 231–237; *Kountz v. Bank*, 51 Mo. 275, 279; *Budd v. Eyermann*, 10 Mo. App. 437; *Griffith v. Townley*, 69 Mo. 13; *Walden v. Skinner*, 11 Otto (U. S.) 577–590; *Champlin v. Layten*, 18 Wend. 407. The doctrine is well established that where an act of this kind operated to extinguish the contract or debt itself, the case no longer falls within the law of limitations in the remedy merely. In such cases, when the debt or judgment is sued on in another state, the *lex-loci contractus*, and not the *lex fori* is to govern. Story Conf. L., sec. 582; *Baker v. Stonebaker*, 36 Mo. 339, 350. These authorities admit a qualification, that "the parties are within the jurisdiction during all the period of the statutes, so that it has actually operated on the case. *McMerty v. Morrison*, 62 Mo. 140; *Stix v. Mathews*, 63 Mo. 373; *Price v. Page*, 24 Mo. 68. The state in which a note is made payable and in which it is delivered in consummation of a bargain is the place of the contract." *Johnson v.*

*Gawbry*, 83 Mo. 339 ; *Carson v. Hunter*, 46 Mo. 467; *Kempe v. Bader*, 6 S. W. Rep. 126 ; *Sturges v. Longworth*, Ohio St. 544; *Iron Works v. Riggin*, 14 Mo. App. 321. " In order to avoid the plea of the statute of limitations to an action by joint tenants, it is necessary to show that all the parties were under a disability to sue." *Marsteller v. McClean*, 7 Cranch ( U. S.) 156. Then where one is protected all are protected. *Sturgis v. Longworth*, Ohio St. 544. It has been held in Illinois, " where a cause of action arising in another state or country is completely barred by its laws at the time of the debtor's arrival in Illinois, it cannot be enforced in that state.

*T. J. Gideon* and *J. J. Gideon*, for the respondent.

A frivolous answer may be stricken out on motion of the adverse party, and the court did not err in permitting plaintiff to withdraw his reply and move to strike out at any time before trial. R. S. 1879, sec. 3528, p. 605 ; *Buford v. Byrd*, 8 Mo. 240. It is a rule of equity that a mutual mistake of fact must be material to entitle either party to relief. Story's Eq. Jur., [ 7 Ed.] secs. 146, 150, 151. The court did not err in striking out that part of defendant's answer enclosed in brackets, for the reason it shows that the note in suit was given with full understanding of all the facts, and in payment of the note and judgment in Louisiana, and in satisfaction of all differences between plaintiff and defendant, and shows a good consideration for the note in this suit. Parsons on Bills and Notes [ 2 Ed.] 1879, p. 198, 199 ; *Weston v. Clarke*, 37 Mo. 572 ; *Mullanphy v. Reily*, 8 Mo. 677. Defendant's attempt to plead that a judgment had been rendered in favor of plaintiff against him in Louisiana, on the note for which the one in suit was given, is bad for the reason that he does not show that the court in Louisiana had jurisdiction, or that a judgment was duly given. He merely gives a

conversation with an attorney about it. *Throop v. Hatch*, 3 Abb. [ N. Y.] 25; *Phinney v. Phinney*, 17 How. Pra. 197; Bliss on Code Pleading. p. 303, sec. 303 ; *Robinson v. Jones*, 71 Mo. 584. If a judgment was given on the note in Louisiana by a court of competent jurisdiction, the taking and acceptance of the note in suit by plaintiff of defendant was a payment and satisfaction of that judgment, and it can never be enforced. *Weston v. Clarke*, 37 Mo. 572; *Wetherby v. Mann*, 11 J. R. 518 ; Freeman Judgments [ 3 Ed.] sec. 463, p. 463. The statutes of limitation of Kentucky do not extinguish the debt, but only the remedy and the *lex fori* and not the *lex-loci contractus* must govern. See Statutes of Kentucky on Lim. ; Angell on Lim. [ 5 Ed.] 122 ; *McMerty v. Morrison*, 62 Mo. 142; Angell on Lim. [ 5 Ed.] sec. 65, p. 52 ; 7 Cent. Law Jour. 382; 18 Cent. Law Jour. 157 ; *Thompson v. Reed*, 17 Rep. 152.

THOMPSON, J., delivered the opinion of the court.

This is an action against one of the makers of a joint and several promissory note for five hundred and twenty-five dollars executed at Louisville, Kentucky, on the seventeenth of November, 1879, and payable at the Kentucky National bank on the fifteenth day of December, 1880. The court struck out all of the answer except a qualified denial and an admission of the making of the note as pleaded in the petition ; and, the defendant declining to plead further, the court gave judgment for the plaintiff upon the pleadings. From this judgment the defendant appeals and assigns for error the sustaining of the plaintiff's motion to strike out the special defenses in his answer and the giving of judgment on the pleadings.

The answer is a very peculiar piece of pleading. It first denies each and every allegation of the petition not thereinafter specially admitted. It then admits the execution of the note sued on, and admits that it

was executed on November 17, 1879.   It then sets up two separate defenses.  The first of these consists of a statement of facts intended to make it appear that the note was executed in consequence of a mistake of fact and also without any consideration.  This will be considered hereafter.

The second sets up that the note was a joint and several note of R. G. Campbell and P. S. Campbell; that it was executed at Louisville, Kentucky, on the date and payable as above stated, and it then pleads the Kentucky statute of limitations of five years in bar of a recovery, alleging that the other joint maker has always resided in Louisville and still resides there, and proceeds to reason out the theory that, as the action might have been prosecuted against him in Kentucky within the five years of the Kentucky statute of limitations and was not so prosecuted, and as he was a joint maker, the failure so to sue on the note has released the other joint maker.   It pleads that "Phillip S. Campbell, one of its signers, by the laws of Kentucky, the place of its execution and payment, is fully discharged from liability thereon, by the running of the period of five years, under the statute of limitations of that state."  But it nowhere states that the statute of Kentucky was a statute which operated to extinguish the debt itself, and not merely to bar the remedy.  In *McMerty v. Morrison*, 62 Mo. 143, it was said by WAGNER, J.:  "The doctrine is fairly rooted that the statute of limitations of the country in which suit is brought may be pleaded to bar a recovery on a contract made out of its political jurisdiction, and that the statute of the place where the contract was made cannot be so pleaded.  But where the statute of limitations, where a contract is made, operates to extinguish the contract or debt itself, the case no longer falls within the law in respect to the limitation of the remedy ; and when such a contract is sued upon in another state, the *lex loci contractus*, and not the *lex fori*, is to govern."

The allegations of a pleading are to be taken, within reasonable limits, most strongly against the pleader; and, as the pleader in this case has not averred that the statute of limitations of Kentucky operated to extinguish the contract or debt itself, we must take it that it was a statute similar in effect to our own statute of limitations, that it operated upon the remedy merely. The consequence is that an action may be brought upon the instrument in this state if it is not barred by our own statute of limitations. So much of the ruling of the court, as struck out this branch of the answer, was therefore not erroneous.

We feel some embarrassment in dealing with the question whether the court properly struck out the other defense set up in the answer, by reason of the very inartificial manner in which the defense is pleaded. The answer, so far as it contains the portion with which we are now dealing, was in the following language, the portion which the court struck out being in brackets :

"Now comes defendant and, by leave of court first had, amends his answer for this: That defendant denies each and every allegation of plaintiff's petition not hereinafter specially admitted.

"Admits the execution of note sued on, and same was executed on November 17, 1879, (but defendant signed the same *in error* of a state of facts then existing for this;) that on the seventeenth day of November, 1879, both plaintiff and defendant believed that there was then pending against defendant a suit upon the docket of the Parish court of East Carroll Parish, Louisiana, number 2114, styled *James S. Lyman et al. v. Robt. G. Campbell*, defendant herein, and the giving of the note sued on herein by defendant, and the acceptance of said note by plaintiff herein, it was mutually given and received, and thought to be an extinguishment and discontinuance of all legal proceedings against defendant

herein, in said suit number 2114, to carry out which intention plaintiff herein ordered his attorney at law in said suit, to deliver to this defendant the note sued on therein ; but when the said order was presented to said attorney, said attorney's answer was to defendant : That whilst (he) defendant has been absent from Louisiana he (attorney) had taken judgment by due process, on the note on the eighth day of November, 1879, before the order presented to him had been made and signed, and being in judgment prior to the order having been made, he could do nothing ; but after he was paid his fees by plaintiff, if plaintiff specially ordered him thereto, he would have satisfaction of said judgment entered of record, but not otherwise. Said judgment still is in the archives of said court, and the note upon which it is based is still filed therewith and has never been delivered to defendant ; hence the note sued on herein is null and void, for having been executed in error of fact, and without any consideration.

" Shows further that plaintiff herein has been fully informed since November 17, 1879, that on November 8, 1879, his attorney had taken the judgment in suit number 2114, and has also approved thereof, and he now holds said judgment over defendant, and threatens to execute same if the note sued on herein is not paid, and ordered his attorney who took said judgment to execute the same unless defendant paid the note sued on herein ; his attorney having the said note sued on herein in his possession.

" Defendant shows that, on November 17, 1879, the day the note sued on was signed, it was mutually understood by plaintiff and defendant, that the notes sued on in suit number 2114 of the docket of the parish court of East Carroll Parish, Louisiana, would be surrendered to defendant on his return to his home in Louisiana, by plaintiff's attorney, and the litigation thereon cease ; but, the said note being then in judgment, unknown to

plaintiff and defendant, there was no consideration for the note sued on herein ; and it is therefore null and void, and should be delivered up to defendant to be destroyed.''

If the defendant had averred distinctly that, at the time when this note was executed, there was a suit pending in the parish court of East Carroll Parish, Louisiana, by the plaintiff against this defendant on a promissory note, and that the consideration of the giving of this note was that the plaintiff should dismiss that suit and surrender up or cancel the note which was the subject of the suit ; that the plaintiff had failed or refused to carry out the agreement, but that such suit had passed into judgment against this defendant,—then we think he would have shown a failure of consideration for the giving of the present note such as would, if proved, have been a bar to a recovery upon it.   But the difficulty in dealing with so much of his answer as sets up this separate defense is found in the confusing and qualified language in which the averments are made. He does not state in distinct terms at the outset that such a suit was depending in the court named in Louisiana ; but he says that '' both plaintiff and defendant *believed*'' that there was such a suit depending.  Then he says that the note sued on '' was mutually given and received, and *thought* to be an extinguishment and discontinuance of all legal proceedings against defendant herein.''   Then he avers that ''to carry out which *intention*''—not to carry out any *agreement*,—the plaintiff ordered his attorney in said suit—not to dismiss the suit and surrender up to the defendant the notes sued on,—but ''to deliver to this defendant the notes sued on therein.''   Then follows a mass of *colloquia* between the defendant and the plaintiff's attorney in the suit in Louisiana, purporting to have taken place when the order to surrender up the note was presented to the attorney of the plaintiff in the suit

in Louisiana, giving the attorney's reason for refusing to surrender up the note and enter satisfaction of the judgment. Then follows a separate paragraph containing the averment that the plaintiff threatens to execute the judgment in Louisiana unless the note sued on is paid. The least confusing allegation in this pleading is the following : " Defendant shows that, on November 17, 1879, the day the note sued on was signed, it was mutually understood by plaintiff and defendant, that the note sued on in suit number 2114 of the docket of the parish court of East Carroll Parish, Louisiana, would be surrendered to defendant on his return to his home in Louisiana, by plaintiff's attorney, and the litigation thereon cease ; but the said note in said suit being then in judgment, unknown to plaintiff and defendant, there was no consideration for the note sued on herein ; and it is therefore null and void, and should be delivered up to defendant to be destroyed." This paragraph, though more intelligible than the preceding, is almost meaningless. It nowhere alleges that this note was given upon the distinct promise and consideration that the note in suit in the Louisiana court should be delivered up to the defendant and that that suit should be dismissed. It is difficult to see how an issue could be made by the traverse of any of the allegations of this answer. It tendered no distinct issuable matter which, if proved, would have constituted a defence to the suit. We therefore cannot say that the court erred in striking it out.

In so far as this part of the answer undertakes to set up the equitable defense that the note sued on was given in consequence of a mutual mistake of fact, we think that its allegations are equally defective. Such a mistake, in order to entitle a party to equitable relief, and hence in order to constitute an equitable defense in an action upon any species of contract, must have been

a mistake in a matter which constituted a *material inducement* to the making of the contract. The mistake of fact which the pleader here undertakes to set up is that the suit in Louisiana had ripened into a judgment, unknown to either party to the note sued on before it was executed. We do not see the materiality of this fact nor is it materially shown by the pleading. If the payee of the note agreed with the makers, as the consideration for the making of it, that he would dismiss the suit in Louisiana and surrender up the note which was the subject of that suit, the fact that that suit had passed into judgment,. unknown to the parties to this note at the time when it was executed, did not in any manner prevent him from carrying out this agreement. It was still his judgment ; he was still in full control of it; it was still within his power to have it set aside, to have the cause reinstated on the docket and to have it then dismissed ; or to enter satisfaction and withdraw the note on application and surrender it to the defendant Robert G. Campbell. The parties presumptively knew that the suit in Louisiana was liable to ripen into judgment ; and nothing is stated by the pleader which makes it appear that it was at all material whether, at the time of the giving of this note, that suit had ripened into judgment or not. If the consideration of this note was that that suit should be dismissed and the note which was the foundation of it surrendered up, the pleader could have averred it in a few distinct words, and thus tendered an issue to his adversary    This he has not done.

The judgment will be affirmed. It is so ordered. All the judges concur.